UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>   Plaintiff,<br><br>   v.<br><br>S. KERNAN, et al.,<br><br>   Defendants. | Case No.  16-cv-07103-NJV<br><br>ORDER OF SERVICE, ORDER SETTING CASE MANAGEMENT CONFERENCE |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint pursuant 42 U.S.C. § 1983. The court has denied his opposition to the removal of the action to this court.  (Doc. 12.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of Twombly: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Controlling Law**

In this action, Plaintiff alleges that he has been deprived of his right to the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Court held that when a prison regulation [or practice] impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. The Court set out four factors to be considered:

> 1) Whether there is a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it. A regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational, and the government objective must be a legitimate and neutral one.
> (2) Whether there are alternative means of exercising the right that remains open. If so, courts should be particularly conscious of the measure of judicial deference owed to corrections officials.
> (3) What impact the accommodation of the asserted right will have on guards, other inmates and the allocation of prison resources generally. If the accommodation will have a significant ripple effect the courts should be particularly deferential to the informed discretion of correctional officials.

(4) If there is an absence of ready alternatives, this is evidence of the reasonableness of a prison regulation.

*Id*. at 89-91.

Here, Plaintiff alleges that Defendants are state actors and that they have discriminated against him based on gender. Specifically, he alleges that Defendants have imposed personal property requirements on him that are disparate from those imposed on similarly situated female inmates of the same, and greater, security risk classifications. He claims equal protection violations in the decision making process by which the CDCR provides favored treatment to female inmates as compared with male inmates, for no reason other than gender. The court finds that Plaintiff's allegations are sufficient to state a colorable claim for a violation of the right to equal protection of the law under the Eighth Amendment.

## CONCLUSION

The Clerk shall issue a summons and the United States Marshal shall serve the summons, copies of the complaint with attachments and copies of this order on the named Defendants or their successors.

All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**A telephonic case management conference is HEREBY SET for 10:00 a.m. on February 28, 2017. The parties shall attend the case management conference by dialing 888-**

3

**684-8852 and entering access code 1868782. The parties shall be prepared to set dates for discovery, dispositive motions, and trial. The court will mail a copy of the Handbook for Pro Se Litigants to Plaintiff, along with a copy of the standing order regarding case management statements. The parties shall file individual case management statements no later than February 21, 2017.**

**IT IS SO ORDERED**.

Dated:  January 20, 2017

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

4