UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>    Defendants. | Case No. 16-cv-07103-NJV<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 19 |

Plaintiff has filed a motion for appointment of counsel to represent him in this action. (Doc. 19.) There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). That is not an issue in the present case. The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id*. at 1525;, *Terrell v. Brewer* 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

In this case, the likelihood of success on the merits is moderate, and will be determined after the resolution of the parties' pending motions for summary judgment. However, Plaintiff has amply demonstrated his ability to effectively articulate his claims in the well-written papers he has

filed, including his currently pending motion for summary judgment.  Accordingly, the court finds no basis for the appointment of counsel at this time.  Plaintiff's motion is therefore DENIED.

**IT IS SO ORDERED**.

Dated: April 20, 2017



NANDOR J. VADAS
United States Magistrate Judge